UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM CHETENI,<br><br>           Plaintiffs,<br><br>    v.<br><br>MALIA VELLA, et al.,<br><br>           Defendants. | Case No. 23-cv-06286-SI<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 67 |

On January 7, 2025, the Court denied pro se plaintiff Freedom Cheteni's request for a temporary restraining order and mandatory injunction. Dkt. No. 58. The Court determined that plaintiff had not made the requisite showing of a likelihood of success on the merits of his case. *Id.* at 13. On January 31, 2025, the Court held an initial case management conference during which the Court set a hearing schedule for defendants' upcoming motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 66. On February 3, 2025, plaintiff filed a renewed motion for a temporary restraining order. Dkt. No. 67.[1] Pursuant to Civil Local Rule 7-1(b), the Court determines that plaintiff's motion is suitable for resolution without oral argument, and VACATES the February 28, 2025 hearing.

The Court DENIES plaintiff's renewed motion for a temporary restraining order. The motion requests the Court to reconsider its prior holding from January 7, 2025. Pursuant to Local Rule 7-9(a), a motion for reconsideration may only be filed with leave of the Court. Plaintiff

---

[1] Plaintiff labeled this motion on the docket as "Second MOTION for Judgment on the Pleadings *TRO based on New Controlling Law*, First ADMINISTRATIVE MOTION TRO *Based on State of NY et al vs. Trump*." After review of the substantive filing, the Court determines this is in fact a renewed motion for a temporary restraining order, not a motion for judgment on the pleadings.

previously requested and was denied leave to move for reconsideration of the denial of his motion for partial summary judgment, Dkt. Nos. 61, 63, but plaintiff has not requested leave to file a motion for reconsideration of the Court's denial of a temporary restraining order. Further, had plaintiff requested leave, the Court would have denied the request.

Plaintiff has not shown a material difference in fact or law, the emergence of new material facts or changes in the law, or a manifest failure by the Court to consider the material facts and law, as required by Local Rule 7-9(b). The impetus for plaintiff's motion seems to be a recent temporary restraining order in another court prohibiting the new presidential administration from suspending all federal financial assistance. If a court may prevent the president from suspending financial assistance, plaintiff seems to reason,[2] this Court should prevent state educational officials from suspending the delivery of federal financial assistance to the non-public school he runs. Plaintiff's analogy is not convincing. Nor does it address defendants' asserted rationale for suspending funds for his school: the school could not provide adequate verification of eligibility for those funds after being given an opportunity to do so. In short, there has been no material change in the law relevant to plaintiff's case. Therefore, the Court DENIES plaintiff's latest motion for a temporary restraining order at Docket Number 67.

**IT IS SO ORDERED**.

Dated: February 4, 2025

SUSAN ILLSTON
United States District Judge

---

[2] The reasoning in plaintiff's brief is not always clear. Further, the motion cites cases which do not support the propositions for which they are offered and whose facts bear no relation to the facts at issue in this case. *See* Dkt. No. 67 at 4 (citing *Bldg. & Const. Trades Dep't v. Allbaugh*, 295 F.3d 28 (D.C. Cir. 2002), *Norton v. SUWA*, 542 U.S. 55 (2004), and *Dalton v. Specter*, 511 U.S. 462 (1994)). The Court sympathizes with the position of pro se plaintiffs who must learn and explain complicated legal questions. The Court encourages plaintiff to continue to use the free legal resources available to pro se plaintiffs as previously recommended. *See* Dkt. No. 15 at 9. At the same time, the Court discourages the use of other tools like artificial intelligence-based tools that may ultimately harm rather than help plaintiff's standing in this litigation.