UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM CHETENI,<br><br>    Plaintiff,<br><br>    v.<br><br>MALIA VELLA and CARRIE LOPES,<br><br>    Defendants. | Case No. 23-cv-06286-SI<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATIONS**<br><br>Re: Dkt. Nos. 123, 124, 125, 126 |

On August 2, 2025, plaintiff filed three ex parte applications with the Court. Dkt. Nos. 123, 124, 125. Plaintiff filed an additional ex parte request for summary judgment on August 4, 2025. Dkt. No. 126. For the reasons stated below, the Court DENIES plaintiff's applications.

Plaintiff's first filing was an ex parte application for declaratory judgment on his due process claim. Dkt. No. 123. The parties are currently in the midst of discovery with pending discovery motions before the Court. The Court finds it inappropriate to rule on plaintiff's request at this time, as it is essentially a motion for partial summary judgment. The Court DENIES plaintiff's application.

Plaintiff's August 4 filing also asks for judgment in his favor, including on claims that are not at issue in this case. Dkt. No. 126. Plaintiff's request is DENIED.

The Court further informs plaintiff that its standing order allows parties only one motion for summary judgment without first requesting leave of the Court. Plaintiff already filed a motion for summary judgment earlier in this case. *See* Dkt. No. 39. Unless the parties stipulate to presenting such a motion, the Court will not entertain any requests for further motions for summary judgment (or ex parte applications for the same) before the close of discovery on October 17, 2025.

Next, plaintiff filed an ex parte motion for a protective order and to set aside the Court's

previous order denying a preliminary injunction. Dkt. No. 124. The protective order sought by plaintiff is to prohibit defendant Lopes "from making unsubstantiated and demonstrably false statements under oath." *Id.* at 3. Plaintiff's primary argument seems to be that defendants decided to cancel funding for his school "well in advance of any legitimate monitoring and review process." *Id.* To reiterate, the parties are still in the middle of discovery and likely have not collected all the evidence. The Court therefore does not have a full record presented by the parties to consider plaintiff's concerns. The Court DENIES plaintiff's application at this time. Plaintiff may raise these concerns again with the Court after the close of discovery.

Lastly, plaintiff filed an ex parte application requesting that the Court declare that defendant Vella admitted facts because she did not provide a response within the 30-day timeline as required by Federal Rule of Civil Procedure Rule 36(a)(3). *See* Dkt. No. 125. The rule also states that the Court may order a shorter or longer timeline for response. Fed. R. Civ. P. 36(a)(3). As the parties currently have a discovery hearing scheduled for August 29, 2025, the Court DENIES plaintiff's application. Should the parties be in disagreement on this issue, the Court may hear from the parties on this matter at that hearing.

**IT IS SO ORDERED**.

Dated: August 5, 2025

SUSAN ILLSTON
United States District Judge

2