UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM CHETENI,<br><br>    Plaintiff,<br><br>    v.<br><br>MALIA VELLA and CARRIE LOPES,<br><br>    Defendants. | Case No. 23-cv-06286-SI<br><br>**ORDER RE: DISCOVERY MOTIONS**<br><br>Re: Dkt. Nos. 118, 119 |

After a discovery dispute conference, the parties filed competing discovery motions. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are suitable for resolution without oral argument, and VACATES the August 29, 2025 hearing. For the reasons explained below, the Court GRANTS defendants' motion and DENIES plaintiff's motion.

**BACKGROUND**

At a case management conference on April 18, 2025, the Court set a discovery deadline of October 17, 2025. Dkt. No. 98. The Court held a discovery dispute conference on July 18, 2025. Dkt. No. 117. Due to continuing disagreements between the parties, the Court ordered each side to file discovery motions by July 25, 2025. *Id.* Defendants filed a motion on that date and plaintiff filed a motion on July 29, 2025. Dkt. Nos. 118, 119.

**LEGAL STANDARD**

"'[A] district court has wide discretion in controlling discovery.'" *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988)). In general, parties may obtain discovery regarding any unprivileged matter that is "relevant to any

party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* An item need not be admissible in evidence to be discoverable. *Id.*

A motion to compel discovery is appropriate when a party refuses to engage in or produce discovery. *See* Fed. R. Civ. P. 37(a). The movant must certify that he or she has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure information or material without court action. *See* Fed. R. Civ. P. 37(a)(1). The court also may award sanctions if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(d)(2).

**DISCUSSION**

**I.   Plaintiff's Motion to Compel Production and Issue Sanctions**

On July 29, 2025, after receiving more than 15,000 pages of discovery material from defendants, plaintiff filed a motion "for an order compelling Defendants Malia Vella and Carrie Lopes to provide full and complete responses to Plaintiff's Request for Production of Documents and for sanctions arising from their systematic discovery abuse, bad-faith litigation tactics, and willful violation of this Court's orders." Dkt. No. 119 at 1. Plaintiff asserts that defendants failed to meet a July 3 deadline for production and produced only a "limited set" of documents by July 24. *Id.* Plaintiff requests an immediate production of all responsive documents and a privilege log within three days, plus monetary and evidentiary sanctions. *Id.* at 5.[1]

In their opposition, defendants submit a declaration detailing the production they have made so far: 8 pages on June 4 and June 6, more than 1,300 pages on July 2, more than 1,100 documents

---

[1] Plaintiff's briefing also contains extensive material related to the merits of his case, not the present discovery dispute.

and 13,000 pages on July 11, more than 800 pages on July 23, and more than 2,100 pages on August 11. Dkt. No. 129-1 ¶¶ 6, 8, 9, 11, 15. Defendants provided a privilege log on August 11. *Id.* ¶ 15. Given the volume of plaintiff's request—73 separate categories of documents—the Court finds defendants' response timeframe reasonable and defendants' actions taken in good faith.

The Court will not grant plaintiff's motion for two further reasons. First, plaintiff does not point to any specific request where he finds the response insufficient. Second, plaintiff has suffered no prejudice by defendants' rolling production. The close of fact discovery is not until October 17, 2025. *See* Dkt. No. 98. While the Court continues to acknowledge that proceeding pro se is challenging, plaintiff has more than two months to review the documents before the case proceeds further on the merits.

For these reasons, the Court DENIES plaintiff's motion.

## II. Defendants' Motion

Defendants present three separate requests in their motion: to compel answers to defendants' interrogatories and requests for production of documents, to determine the adequacy of plaintiff's admissions, and to issue a protective order regarding requests for admission presented by plaintiff in December 2023 and discovery served on non-parties.

### A. Defendants' Motion to Compel Answers

Defendants sent interrogatories and requests for production of documents on April 28, 2025. Dkt. No. 118-2 at 6-26. On May 22, 2025, before receiving any response, defendants noticed the interrogatories had been misnumbered and re-served them with new numbers but without substantive change. *Id.* at 28-39. Defendants then agreed on June 4 to give plaintiff 30 days from the date of the second service to respond to both the interrogatories (as re-numbered) and the original requests for production. *Id.* at 44. On June 7, plaintiff summarily objected to the interrogatories as "overly broad and disproportionate to the needs of the case." *Id.* at 57. On June 17, plaintiff then objected to the requests for production in a one-line email citing privacy concerns. *Id.* at 56. In response to the unspecified privacy concerns, defendants drafted a protective order and sent it to

3

plaintiff on June 23. *Id.* at 59. At 1:29 a.m. on the date defendants' motion was due, plaintiff sent defendants' counsel some general and specific objections to defendant Vella's requests for production of documents.[2] *Id.* at 51-52. Plaintiff also sent 8 emails with attachments in the 24 hours prior to the motion due date. *Id.* at 2. As of the filing of the motion, defendants had not received answers to their interrogatories, nor it appears to defendant Lopes' requests for production.[3] *Id.* at 3.

Clearly plaintiff has not met his discovery obligations under the Federal Rules of Civil Procedure. The Court orders plaintiff to respond to defendants' interrogatories. Each interrogatory must be answered individually. Fed. R. Civ. P. 33(b)(3), (4). Plaintiff has not responded beyond a blanket objection that the requests are disproportionate and overbroad. The Court has reviewed defendants' interrogatories and find them neither disproportionate nor overbroad. They seek the underlying information upon which plaintiff bases each of his claims, as well as documentary evidence to back up assertions made by plaintiff in his amended complaint. *See* Dkt. No. 118-2 at 30-32, 37-38.

Similarly, plaintiff must provide further responses to defendants' requests for production (RFPs). Parties must respond to each individual request for documents, not provide a blanket objection. Fed. R. Civ. P. 34(b)(2)(B). While plaintiff has provided specific objections in response to defendant Vella's requests, these objections are overruled as follows:

RFPs 11-21:[4] Defendants seek documents identified in plaintiff's interrogatory responses. Plaintiff objects on the basis that the requests "improperly demand documents not identified in Plaintiff's interrogatory responses" and that the requests are overbroad or irrelevant. Dkt. No. 118-2 at 52. After plaintiff responds to defendants' interrogatories, he must provide any identified documents.

---

[2] It appears that plaintiff had emailed this response first to defendants' legal secretary, on June 24, 2025, but did not include defendants' counsel. Dkt. No. 118-2 at 51.

[3] Defendant Lopes' requests for production only ask for documents identified in plaintiff's responses to interrogatories. Dkt. No. 118-2 at 14.

[4] Due to defendants' numbering, the first RFP is labeled as RFP 11 and the last RFP is RFP 28.

4

RFP 22: Defendants requested the VR School's general ledgers from March 1, 2020 through December 31, 2022. Plaintiff argues this is overbroad and should be narrowed to disputed transactions or claims. The Court disagrees. Defendants allege that the VR School's funding was terminated because it was in fact ineligible for the funds. Defendants are entitled to information about plaintiff's operations.

RFP 23: Defendants requested documentation related to expenditure reporting the VR School provided to the California Department of Education in 2021. Plaintiff objects that these records are irrelevant and disproportionate. The Court again disagrees. The scope of discovery is broad and these documents may be relevant to defendants' defenses about plaintiff's ineligibility.

RFP 24: Defendants requested documents related to the VR School staff's "time-and-effort records" from March 1, 2020 to December 31, 2022. Plaintiff objects as overbroad, burdensome, and irrelevant. Plaintiff's objections are overruled for the same reasons as stated above.

RFP 25: Defendants requested documents related to plaintiff's student enrollment data for school year 2019-20. Plaintiff objects on the basis of privacy and relevance. The records are clearly relevant, as defendants questioned plaintiff's discrepant enrollment counts. The Court also overrules plaintiff's privacy concern, as defendants have offered a draft protective order to address privacy concerns.

RFP 26: Defendants requested documents related to the numbers of low-income students the VR School reported in its funding applications. Plaintiff objects as irrelevant and disproportionate, arguing that "[t]he socioeconomic status of students has no bearing on Plaintiff's claims or Defendant's liability." The Court overrules this objection. The request is relevant and proportionate to defendants' explanation of its conduct.

RFP 27-28: Defendants request the VR School's enrollment policies and allowability policies. Plaintiff again objects as overbroad and irrelevant. The Court overrules plaintiff's objections.

In conclusion, defendants' motion to compel responses to their interrogatories and requests for production is GRANTED. The Court orders plaintiff to respond individually and fully to defendants' interrogatories and requests for production within ten days of this order.

**B.    Defendants' Motion to Determine the Adequacy of Plaintiff's Admissions**

On May 22, 2025, plaintiff responded to defendant Vella's request for admissions. Dkt. No. 118-2 at 73-82 (requests), 83-93 (responses). Under the federal rule governing admissions,

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). Defendants contend that plaintiff's responses are inadequate on several grounds.

In numerous responses (numbers 7, 9-25, 27-34, and 43-46), plaintiff denies defendants' request on the basis that a document "speaks for itself." This is improper and "also a waste of time, since the 'objection' that the document speaks for itself does not move the ball an inch down the field and defeats the narrowing of issues in dispute that is the purpose of the rule permitting requests for admission." *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006). If plaintiff finds defendants' quote or paraphrase of the document accurate, plaintiff must admit. If plaintiff finds defendants' quote or paraphrase of the document inaccurate, plaintiff may deny and explain why.

In another category of requests (numbers 35, 36, 37, 41, 49, 51 and 53), defendants ask plaintiff to confirm that previous communications and documents filed as exhibits in this litigation are genuine. Plaintiff submits a similar response to each, denying the admission "without having the opportunity to examine the original document." According to the rule quoted above, "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). The documents cited by defendants were filed in this case and remain readily accessible. *See* Dkt. No. 54 at 56, 62; Dkt. No. 52 at 26, 29, 34, 37; Dkt. No. 53 at 26. In the instances where the original documents were sent to plaintiff (numbers 37, 41, 49, and 53), plaintiff must explain why he no longer has access to

6

the original document, if he still so maintains. In the other instances (numbers 35, 36, and 51), it appears that plaintiff was not privy to the original document or communication and therefore has no reasonable basis to admit that the document is genuine. Plaintiff need not amend his responses to those requests.

Finally, requests for admissions 6 and 26 asked plaintiff to admit or deny that he put two different low-income student enrollment numbers in two different funding applications. In his response, plaintiff denies the admission and explains that he "denies that the statement . . . provided inaccurate information about enrollment numbers." Plaintiff was not asked to admit or deny that he provided inaccurate information. Plaintiff was asked to admit or deny whether he provided the information that is stated on the application records. Plaintiff must revise his response accordingly.

The Court orders plaintiff to provide revised responses as directed above within ten days of this order.

### C.    Defendants' Motion for a Protective Order

Defendants seek a ruling from the Court invalidating plaintiff's requests for admissions served in December 2023. They further seek invalidation of requests for admissions and interrogatories served on non-party employees of the California Department of Education. Dkt. No. 118 at ix.

The Court GRANTS defendants' motion as to the purported December 2023 requests for admission. Plaintiff filed this lawsuit initially on behalf of the VR School on December 5, 2023. Dkt. No. 1. Plaintiff claims that defendants received requests for admissions from him that same month and, since defendants did not respond, those requests must be deemed admitted. Dkt. No. 118-2 at 114. For several reasons, the Court will not consider the requests admitted and plaintiff may not continue to assert as such. First, Annalisa Maitz, the attorney for defendants at that time, filed a sworn declaration stating that she never discussed discovery with plaintiff. Dkt. No. 118-1 ¶ 7. Second, plaintiff presents no documentary evidence of an email to defendants regarding his requests for admissions. Third, the parties had not yet conducted a Rule 26(f) conference that starts the discovery process, and there is no evidence the parties stipulated to early discovery. Fourth,

7

1 plaintiff initially filed the lawsuit designating the VR School as plaintiff, but the Court dismissed that suit because an organization cannot proceed unrepresented. Dkt. No. 9. Plaintiff later filed a motion to reopen the case with a different plaintiff, which the Court granted. Dkt. Nos. 11, 12. And fifth, defendants offered to respond to plaintiff's requests should he withdraw his position that the requests had been admitted. Dkt. No. 118-2 at 116-17. The purpose of requests for admissions is to narrow the range of disputed issues before the Court, not to trap the other party in a certain litigation position.

The Court GRANTS defendants' request for a protective order for discovery served on non-parties to the case. The two defendants are Malia Vella and Carrie Lopes, sued in their individual and official capacities. As the Court has previously noted, a suit against an employee in their official capacity is essentially a suit against the entity or the office held by that employee. However, that does not allow plaintiff to serve discovery requests on individual employees who are not named parties in this suit when the Federal Rules of Civil Procedure require that a type of discovery be only served on a party. The Court reiterates the position it took at the July 18, 2025 hearing: plaintiff may not serve interrogatories or requests for admission on any non-party. *See* Fed. R. Civ. P. 33, 36. Defendants may ignore any such discovery requests previously sent.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion and GRANTS defendants' motion. Defendants have produced thousands of pages of material. Plaintiff demands more without specifying exactly what, but plaintiff has fallen far short of meeting his own discovery obligations. Plaintiff must provide the discovery material discussed above within ten days of this order. Should plaintiff continue to obstruct defendants' reasonable discovery efforts, the Court may in the future consider appropriate sanctions.

**IT IS SO ORDERED**.

Dated: _____

SUSAN ILLSTON
United States District Judge