UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM CHETENI,<br><br>    Plaintiff,<br><br>    v.<br><br>MALIA VELLA, et al.,<br><br>    Defendants. | Case No. 23-cv-06286-SI<br><br>**ORDER RE: DISCOVERY DISPUTE CONCERNING PLAINTIFF'S DEPOSITION**<br><br>Re: Dkt. Nos. 136, 137, 139 |

The Court has received a joint discovery statement from the parties concerning plaintiff's deposition,[1] to which plaintiff responded with a memorandum in support of a remote deposition. Dkt. Nos. 136, 137. Defendants then submitted a declaration in reply, detailing the ongoing communications with plaintiff around deposition scheduling. Dkt. No. 139.

Defendants assert that after conferring with plaintiff pursuant to Local Rule 30-1, on September 2, 2025, plaintiff confirmed his availability for an in-person deposition to take place in Fremont on October 7, 2025. Dkt. No. 136. Defendants then served plaintiff a notice of deposition for the agreed upon time, date, and place. Plaintiff now objects to appearing in person on October 7, 2025, asserting that the agreement he made on September 2, 2025, was not final. Dkt. No. 136. Plaintiff also requests that the Court order a remote hearing, arguing that appearing for an in-person, videotaped deposition would be unduly burdensome. He alleges his duties at his school, his desire to consult with the Pro Se clinic, and the psychological burden of appearing in person before opposing counsel weigh in favor of granting plaintiff a remote deposition. Dkt. Nos. 136, 137. Counsel for defendants assert that an in-person deposition of plaintiff is necessary given the large

---

[1] Defendants attached plaintiff's individual statement in support of a remote deposition for the purpose of efficiency, while acknowledging that it exceeds page limitations and includes an impermissible affidavit. Judge Illston's Standing Order at p.2, lns. 3-7. The Court admonishes plaintiff that he must comply with Judge Illston's Standing Order.

1  number of documents that will be used. Dkt. No. 139. In addition, counsel for defendants allege
2  that plaintiff now requests to take both defendants' depositions in-person, which both defendants
3  are willing to agree to.
4        Defendants' request to depose plaintiff on the previously agreed upon date, October 7, 2025,
5  after numerous attempts to accommodate plaintiff's schedule, is reasonable. Plaintiff must appear
6  in-person notwithstanding his duties to his school and the psychological burdens of an adversarial
7  proceeding, particular given plaintiff is the party bringing this lawsuit. The Court reiterates to
8  plaintiff that should he continue to obstruct defendants' reasonable discovery efforts, the Court may
9  in the future consider appropriate sanctions. Dkt. No. 136. The Court hereby **ORDERS** Plaintiff
10 to appear for an in-person, videotaped deposition on October 7, 2025, at the Diagnostic Center,
11 Northern California in Fremont, California at 8:30 A.M.

**IT IS SO ORDERED**.

Dated: September 12, 2025

_____
SUSAN ILLSTON
United States District Judge