UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM CHETENI,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, et al.,<br><br>    Defendants. | Case No. 23-cv-06286-SI<br><br>**ORDER RE DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 144, 149, 152, 153, 154, 155, 156, 158 |

    Discovery for this matter closed on October 17, 2025. The parties have filed numerous competing discovery motions. This order resolves Dkt. Nos. 144, 149, 152, 153, 154, 155, 156, and 158. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are suitable for resolution without oral argument, and VACATES the November 14, 2025 hearing. For the reasons explained below, the Court GRANTS defendants' motion and DENIES plaintiff's motions.

**BACKGROUND**

    At a case management conference on April 18, 2025, the Court set a discovery deadline of October 17, 2025. Dkt. No. 98. On October 15, 2025, pro se plaintiff Freedom Cheteni filed a "memorandum in support of motion to compel production and for severe sanctions," in which he raised six objections to defendants' production of documents. Dkt. No. 148 at 2. On October 20, 2025, defendants filed a discovery letter brief regarding plaintiff's failure to respond to interrogatories and requests for production. Dkt. No. 149. The Court ordered each party to describe the status of their document production by October 28, 2025. Dkt. No. 150. Plaintiff and defendants

1  each provided a statement in response. Dkt. Nos. 155, 156.

2  On October 24, 2025, defendants filed a case management statement, including discussion of some discovery issues. Dkt. No. 151. That same day, plaintiff filed three separate motions to take or continue depositions, and for sanctions. Dkt. Nos. 152, 153, 154. On November 3, 2025, plaintiff filed an additional motion to "compel further responses to interrogatories and requests for admissions; request for sanctions." Dkt. No. 157. Defendants objected. Dkt. No. 158.

**LEGAL STANDARD**

"'[A] district court has wide discretion in controlling discovery.'" *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988)). In general, parties may obtain discovery regarding any unprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* An item need not be admissible in evidence to be discoverable. *Id.*

A motion to compel discovery is appropriate when a party refuses to engage in or produce discovery. *See* Fed. R. Civ. P. 37(a). The movant must certify that he or she has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure information or material without court action. *See* Fed. R. Civ. P. 37(a)(1). The court also may award sanctions if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(d)(2).

**DISCUSSION**

**I.     Defendants' Motion to Compel Production**

On April 28, 2025, defendant Vella served plaintiff a first set of document requests. *Id.*, Ex. A. Defendant Vella served a second set of document requests on August 15, 2025, and a third set

of document requests on August 27, 2025. Dkt. No. 149, Exs. E & F. Defendants' currently pending motion relates to plaintiff's production, or non-production, of documents responsive to these requests.[1]

Defendants allege that no documents responsive to either the first set of document requests (Nos. 22-28) or the second or third sets of document requests were produced prior to the October 17, 2025 discovery cutoff. On October 13, 2025, plaintiff stated that he was "compiling" documents responsive to the first set of document requests (Nos. 22-28) and the second and third sets of document requests, which would be produced to defendants' counsel "no later than 5:00 p.m. PST" on October 16, 2025. *Id.*, Ex. D. However, defendants state that no such documents were delivered by the October 17, 2025 discovery cutoff.

Plaintiff states that he has delivered over 1,348 documents in response to the second and third set of document requests. Dkt. No. 156 at 1. Defendants assert that plaintiff "claims to have produced things that he did not produce." Dkt. No. 155 at 2, n.1. Plaintiff states that he has "provided a concrete plan *or* production for every request," *id.* at 3. (emphasis added), but he points to only two responsive documents actually produced in response to the first set of document requests: a 2019-20 roster, in response to Set One, Request No. 25, and November 19, 2022, VR School Board minutes, in response to Set One, Request No. 24.[2] *Id.* at 2-3, Dkt. No. 156-1.

In the pending motion, defendants seek, first, to preclude plaintiff from later delivering documents responsive to defendants' first set of document requests covered by the Court's August 26, 2025, discovery order (specifically, Set One, Request Nos. 22-28). This request is GRANTED. Defendants further seek on order that plaintiff respond fully to defendants' second and third sets of

---

[1] These are, presumably, the last such motions. On August 26, 2025, the Court denied plaintiff's motion to compel and granted defendants' motion to compel, ordering plaintiff to respond to defendants' first sets of interrogatories and requests for production within ten days of the order. Dkt. No. 135. On September 16, 2025, plaintiff filed an emergency request for document production, which the Court denied. Dkt. Nos. 142, 143. In response, defendants filed "defendants' individual statement in response to Dkt No. 142," which explained the status of production and sought permission to file a motion for sanctions if plaintiff did not comply with the Court's August 26, 2025, order by September 22, 2025. Dkt. No. 144.

[2] Plaintiff states that his production of the 2019-20 roster is acknowledged by defendants in their October 13, 2025 email. Dkt. No. 149, Ex. D. The VR School Board Minutes are submitted with plaintiff's statement. Dkt. No. 156-1.

3

document requests. This request is GRANTED; such documents shall be produced by November 14, 2025.

**II.     Plaintiff's Motions**

**A. October 15, 2025 Motion to Compel Production and Issue Severe Sanctions**

On October 15, 2025, plaintiff filed a "memorandum in support of motion to compel production and for severe sanctions," in which he raises six objections to defendants' production of documents. Dkt. No. 148 at 2. The Court agrees with defendants that each objection is baseless. Defendants explain that they have provided plaintiff with thousands of pages of discovery material and complied with their discovery obligations. Plaintiff's assertions that defendants have destroyed evidence and made misrepresentations to the Court are unfounded conjectures. The Court finds that sanctions are unwarranted and DENIES plaintiff's motion.

**B. October 24, 2025 Deposition Motions**

Plaintiff filed three separate motions to compel depositions and for sanctions on October 24, 2025. The Court DENIES plaintiff's motions.

First, plaintiff moves to compel depositions of Randi Thompson and April Woodchecke after the close of discovery and for sanctions. Dkt. No. 152. A party who wants to depose a person by oral questions must give reasonable written notice. Fed. R. Civ. P. 30(b)(1). Moreover, under Local Rule 30-1, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel.

On September 17, 2025, plaintiff first requested deposition availability of witness April Woodchecke. *See* Dkt. No. 151 at 6; Dkt. No 152 at 1. Defendants responded that April Woodchecke was available on October 3, 8, 10, or 15. Dkt. No. 151 at 6. Defendants state that plaintiff did not request the deposition availability for Randi Thompson. *Id*. at 7. On the evening of October 14, 2025, plaintiff emailed notices of depositions of Randi Thompson and April Woodchecke to take place on October 17, 2025. *Id.* Defendants state that neither Randi Thompson nor April Woodchecke had previously identified October 17, 2025 as an available date. *Id.* Plaintiff

failed to provide reasonable notice for either of these depositions.  Plaintiff also failed to comply with Local Rule 30-1.  Plaintiff's motion is therefore DENIED.

Plaintiff's second and third motions seek to compel deponents to reappear for continuations of their depositions and for sanctions.  Plaintiff moves to compel William McGee to reappear for the continuation of his October 16, 2025 deposition, arguing that he took an excessive 20-minute break to eat and conferred too frequently with counsel, and that counsel made excessive speaking objections and directed William McGee not to answer questions.  Dkt. No. 153.  Plaintiff also moves to compel Mallia Vela[3] to reappear to answer a single deposition question: "What date did you talk to Julia Martin [a lawyer] before you signed the letter that Carrie Lopes authored on May 19, 2023?"  Dkt. No. 154.  Plaintiff argues that counsel's objection -- that the question was vague, ambiguous, called for speculation, and sought to disclose privileged communications -- was improper, and also that counsel's subsequent instruction not to answer was a bad-faith abuse of the discovery process. *Id.* at 2.

Under Rule 37(a), a party may move to compel an answer to a deposition question when "a deponent fails to answer a question asked under Rule 30...." Fed.R.Civ.P. 37(a)(3)(B)(i).  Under FRCP 30(c)(2), counsel may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) that the deposition is being conducted in bad faith or to annoy, embarrass or oppress the deponent or party.

Here, however, plaintiff does not provide deposition transcripts that demonstrate which questions were asked; what objections were made; or whether, when and how counsel instructed witnesses not to answer.  Plaintiff has failed to show, with citations to deposition transcripts or otherwise to the record, whether any deposition conduct was improper.  Finally, as to the question to Ms. Vela, if accurately summarized, the objections as to form were well taken, and plaintiff presents no reason why the privilege objection was improper.  Thus, plaintiff's second and third motions are also DENIED.

---

[3] Mallia Vella appeared for deposition on October 17, 2025.  Dkt. No. 151 at 7.

**C. November 3, 2025 Motion to Compel Production and Issue Sanctions**

Finally, plaintiff filed a motion to compel further responses to interrogatories and requests for admissions, and issue sanctions on November 3, 2025. Dkt. No. 158. Defendants object to plaintiff's motion as untimely under local rules and contrary to Judge Illston's Standing Order, which requires parties to meet and confer prior to filing a discovery motion. Dkt. No. 159.

Pursuant to Local Rule 37-3, "no discovery-related motions may be filed more than 7 days after the discovery cut-off." Discovery in this matter closed on October 17, 2025, and the discovery motion deadline was October 24, 2025. Thus, plaintiff's discovery motion is untimely.[4] The Court DENIES plaintiff's motion.

**CONCLUSION**

For the foregoing reasons and good cause shown, the Court GRANTS defendants' motion and DENIES plaintiff's motions. Plaintiff is ORDERED to produce any documents responsive to the second and third sets of document requests that have not yet been produced by November 14, 2025. Discovery closed on October 17, 2025, and the Court DENIES plaintiff's request for an extension.

///

---

[4] The Court also directs parties to Judge Illston's "Government Shutdown Notice" on her Court website, posted October 21, 2025: "beginning immediately, and until the judiciary is funded, parties shall meet and confer before filing any motion. The parties shall determine whether the litigation can proceed without the motion or whether the motion must be urgently resolved. If the latter, lead counsel shall file a certification attesting to the same with the filing of any motion. Failure to provide the certification may result in a sua sponte denial without prejudice."

1    The last day for defendants to move for summary judgment or partial summary judgment is
2    January 30, 2026. Plaintiff has already moved for summary judgment; therefore, plaintiff must
3    move for, and obtain, leave to file another motion for summary judgment/partial summary judgment
4    in the future. To the extent such leave is granted, the January 30, 2026 cutoff for such motions will
5    also apply to plaintiff

**IT IS SO ORDERED**.

Dated: November 4, 2025

_____
SUSAN ILLSTON
United States District Judge