UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM CHETENI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　　Defendants. | Case No.  23-cv-06286-SI<br><br>**ORDER RE: PLAINTIFF'S DECEMBER 5, 2025 FILINGS**<br><br>Re: Dkt. Nos. 163, 164 |

　　　　The Court is in receipt of two documents[1] filed by plaintiff on December 5, 2025. Dkt. Nos. 163, 164. On December 18, 2025, defendants filed an objection to plaintiff's motions. Dkt. No. 165. Defendants object that neither of plaintiff's filings provided notice of a motion or a hearing date, and neither is accompanied by any declarations. *See* Local Rules 7-2(a), 7-5.

　　　　In plaintiff's first motion, he "renews his motion to compel answers from defendant Vella." Dkt. No. 163 at 1. On November 4, 2025, the Court issued an order denying plaintiff's similar motion to compel defendant Vella to reappear for depositions and for sanctions. Dkt. No. 160 at 5. Plaintiff appears to request reconsideration of the Court's prior order but has not obtained leave of Court to do so. *See* Local Rule 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). Plaintiff's filing does not suggest, as required by Local Rule 7-9(b), that a motion for reconsideration would show a material difference in fact or law, the emergence of new material facts or changes in the law, or a manifest failure by the Court to consider the material facts and law. Plaintiff submitted the deposition transcript of defendant Vella's

---

[1] Plaintiff's first filing is titled "Motion and Transcript to Compel State Defendant Mary Vella Deposition Answers and for Sanctions." Plaintiff's second filing is titled "Motion for Entry of Findings of Undisputed Fact Material Fact and Judicial Notice of Admissions."

October 17, 2025 deposition with his motion. Dkt. No. 163. Having reviewed the deposition transcript, the Court considers its prior ruling denying plaintiff's motion to compel correct. The Court therefore DENIES plaintiff's motion for reconsideration.

Plaintiff's second motion requests – among other things – that the Court "enter findings of fact Nos. 1 through 35 as undisputed material facts in this litigation," "provide leave for plaintiff to file his partial summary judgment motion," "grant plaintiff's forthcoming motion for partial summary judgment," and "issue [a] permanent injunction" against the CDE. Dkt. No. 164 at 15. This Court previously reminded plaintiff that, because he has already moved for summary judgment, he would need to seek and obtain leave of the Court to file another motion for summary judgment/ partial summary judgment. Dkt. No. 160 at 7. The Court interprets plaintiff's filing as a request for leave, which will be granted; plaintiff may file his "forthcoming motion for partial summary judgment" by January 30, 2026. The Court SETS the following briefing schedule that applies to both plaintiff and defendants:

Motions are due January 30, 2026.

Responses are due February 13, 2026.

Any replies are due February 20, 2026.

A hearing will be held March 6, 2026 at 10:00 AM.

**IT IS SO ORDERED**.

Dated: December 23, 2025

SUSAN ILLSTON
United States District Judge