UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FREEDOM CHETENI,<br><br>    Plaintiff,<br><br>    v.<br><br>MALIA VELLA and CARRIE LOPES,<br><br>    Defendants. | Case No. 3:23-cv-06286-SI<br><br>ORDER DENYING DEFENDANTS'<br>ADMINISTRATIVE MOTION TO<br>CONSIDER WHETHER ANOTHER<br>PARTY'S MATERIAL SHOULD BE<br>SEALED |

On January 30, 2026, defendants filed an administrative motion to consider whether plaintiff's material treated as confidential pursuant to the parties' stipulated protective order (Dkt. No. 146) should be sealed from the public. Dkt. No. 167. Defendants state in their administrative motion that they do not believe the material should be sealed from the public. *Id.* Plaintiff did not file a response to the motion as required by Civil Local Rule 79-5(f).

A party seeking to seal documents in connection with a dispositive motion, such as a motion for summary judgment, must overcome the strong presumption in favor of public access with "compelling reasons" for keeping the document sealed. *Ctr. For Auto Safety v. Chrysler Grp.* LLC, 809 F.3d 1092, 1099 (9th Cir. 2016). While courts within the Ninth Circuit regularly grant motions to seal personally identifiable information of third-party individuals under the compelling reasons standard, those cases generally include details such as addresses, phone numbers, personal email addresses, and medical records. *See e.g., Guardian Prot. Prods., Inc. v. G.P.P, Inc.*, 2025 WL 692450, at *2 (E.D. Cal. Mar. 4, 2025) (collecting cases). Having considered defendants' January 30, 2026 administrative motion to

consider whether another party's material should be sealed, the Court hereby DENIES the motion in its entirety, as set forth below:

| Document or Portion of Document to Be Considered | Evidence Offered in Support of Sealing | Order |
| --- | --- | --- |
| 1. Exhibit 78 to the Appendix of Exhibits in Support of Defendants' Motion for Summary Judgment (Appendix of Exhibits) | None | **DENIED.** This exhibit includes a spreadsheet with purported students' names, student id numbers, @thevrschool email addresses, and zip codes. The Court finds no compelling reason exists to seal this information. |
| 2. Exhibit 79 to the Appendix of Exhibits. | None | **DENIED.** This exhibit includes a spreadsheet sorted by student id including purported students' names, student id numbers, @thevrschool email addresses, and zip codes. The Court finds no compelling reason exists to seal this information. |
| 3. Exhibit 70 to the Appendix of Exhibits | None | **DENIED.** This exhibit includes portions of plaintiff's deposition transcript designated as confidential because Exhibits 78 and 79 were discussed. Having found no compelling reason exists to seal those documents, Exhibit 70 also fails to meet this standard. |
| 4. Exhibit 35 to the Appendix of Exhibits | None | **DENIED.** This exhibit is a 20-page document provided to defendants by plaintiff during the 2023 monitoring review of The VR School that includes only @thevrschool email addresses and the date on which the password for the email account was last changed. The Court finds no compelling reason exists to seal this information. |

| 5. Exhibit 36 to the Appendix of Exhibits | None | **DENIED.** This exhibit is a 2-page document provided to defendants by plaintiff during the 2023 monitoring review that contains only names of 30 purported students and 25 teachers. The Court finds no compelling reason exists to seal this information. |
|---|---|---|
| 6. Redactions to Exhibit 69 to the Appendix of Exhibits | None | **DENIED.** This exhibit includes portions of plaintiff's deposition transcript where Exhibit 35 is discussed. Having found no compelling reason exists to seal that document, redactions to Exhibit 69 also fail to meet this standard. |
| 7. Redactions to portions of Paragraph 30, all within p.16, lns. 20-27, of the Declaration of April Woodcheke in Support of Defendants' Motion for Summary Judgment | None | **DENIED.** These redactions are portions of April Woodchecke's declaration where Exhibit 35 is discussed. Having found no compelling reason exists to seal that document, redactions to the Woodchecke declaration also fail to meet this standard. |
| 8. Redactions to portions of Paragraphs 22-28, all contained within pp.7-9, of the Declaration of Jimmy Franco in Support of Defendants' Motion for Summary Judgment | None | **DENIED.** These redactions are portions of Jimmy Franco's declaration where Exhibit 35 and 36 are discussed. Having found no compelling reason exists to seal those documents, redactions to the Franco declaration also fail to meet this standard. |
| 9. Redactions within p.10, ln.25 to p.11, ln.25 of the Defendants' Motion for Summary Judgment | None | **DENIED.** These redactions are portions of defendants' MSJ that come from the part of plaintiff's deposition transcript that was marked as confidential because exhibits 78 and 79 were discussed. Having found no compelling reason exists to seal those documents, redactions to defendants' MSJ also fail to meet this standard. |

**IT IS SO ORDERED**.

Dated: March 11, 2026

_____
The Honorable Susan Illston
United States District Judge