UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM CHETENI, | Case No.  23-cv-06286-SI |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS FOR RECONSIDERATION** |
| MALIA VELLA and CARRIE LOPES, | Re: Dkt. Nos. 191,192 |
| Defendants. | |

Before the Court are plaintiff's Motion for Reconsideration filed on April 16, 2016, Dkt. No. 191, and plaintiff's Supplemental Motion for Reconsideration filed on April 18, 2026, Dkt. No. 192.  Defendants filed objections to plaintiff's motions.  Dkt. No. 193. This Court granted defendants' motion for summary judgment on March 11, 2026 and entered judgment against plaintiff and in favor of defendants on March 12, 2026.  Dkt. Nos. 183, 185.  On April 13, 2026, Plaintiff appealed this Court's order granting defendants' motion for summary judgment to the Ninth Circuit.  Dkt. No. 188.  The Court has reviewed plaintiff's reconsideration papers and concludes that reconsideration is not warranted.

In plaintiff's Motion for Reconsideration, he contends that reconsideration is required under Civil Local Rule 7-9 (a) due to a "manifest failure by the Court to consider material facts or dispositive legal arguments."  Dkt. No. 191 at 3-4.  Plaintiff has failed to request leave under Civil Local Rule 7-9(a) to file a motion for reconsideration.  Moreover, Civil Local Rule 7-9(a) motions can only be brought "[b]efore the entry of a judgment."  *See Oliver v. City & Cty. of San Francisco*, No. C 07-2460 JL, 2009 WL 10736489, at *1 (N.D. Cal. Mar. 23, 2009) (denying motion for reconsideration due to failure to comply with Civil Local Rules); *Austin v. Kemper Corp. (Ins.)*, No. 21-CV-03208-SI, 2022 WL 798114, at *1 (N.D. Cal. Mar. 16, 2022) (same).

Plaintiff files his Supplemental Motion for Reconsideration "pursuant to Federal Rules of Civil Procedure 37(a)(3)(B), 37(a)(5), 54(b), 59(e), and 60(b)." Dkt. No. 192 at 1. Rule 37(a) deals with motions to compel disclosure or discovery and is inapplicable here. Fed. R. Civ. P. 37(a). Rule 54(b) governs entry of judgment and is also inapplicable to plaintiff's requested relief. Fed. R. Civ. P. 54(b). Rule 59(e) allows a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Here, plaintiff's motions are untimely under Rule 59(e)4. Finally, plaintiff has already appealed this Court's order to the Ninth Circuit, so this Court lacks jurisdiction under Rule 60(b). *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (pending appeal divests district court of jurisdiction to grant Rule 60(b) motion); *see also Mendoza v. Aguilar*, No. 16-CV-05529 EDL (PR), 2018 WL 10424866, *1 (N.D. Cal. Oct. 31, 2018) ("As an initial matter, this Court has no jurisdiction to grant plaintiff's motion.").

The Court also finds no merit to plaintiff's motions.

Accordingly, the Court **DENIES** plaintiff's motions. No further motions for reconsideration will be considered.

**IT IS SO ORDERED**.

Dated: May 6, 2026

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

2