UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEDOM CHETENI, | Case No. 23-cv-06286-SI |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR PREPARATION OF TRANSCRIPTS AT GOVERNMENT EXPENSE (28 U.S.C. § 753(F))** |
| MALIA VELLA and CARRIE LOPES, | |
| Defendants. | Re: Dkt. No. 190 |

Plaintiff Freedom Cheteni is a litigant who proceeded *pro se* and *in forma pauperis* in this discrimination action. The Court granted defendants' motion for summary judgment on March 11, 2026 and entered judgment against plaintiff and in favor of defendants on March 12, 2026. Dkt. Nos. 183, 185. Plaintiff filed an appeal to the Ninth Circuit. Dkt. No. 188. On April 14, 2026, plaintiff filed the present motion for preparation of transcripts of the April 18, 2025, July 18, 2025, and March 3, 2026 hearings at government expense pursuant to 28 U.S.C. § 753(f). Dkt. No. 190.

28 U.S.C. § 753(f) provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f) (parenthetical in original).[1] "Section 753(f) is designed to prevent taxpayer dollars from being wasted on transcripts for use in baseless appeals." *Randle v. Franklin*, No. CV-08-00845-JAT, 2012 WL 201757, at * 2 (E.D. Cal. Jan. 23, 2012). "A substantial question exists where the issue before the court of appeals is reasonably debatable." *Tuggles v. City of Antioch,*

---

[1] Plaintiff's motion falls within the meaning of "other proceedings." Section 753(f) also describes the procedure for obtaining transcripts at the government's expense in the context of criminal or habeas proceedings. *See* 28 U.S.C. 753(f).

C08–01914JCS, 2010 WL 3955784, at *1 (N.D. Cal. Oct.8, 2010) (internal citations and quotations omitted).  "Doubts about substantiality of the questions on appeal and the need for a transcript to explore them should be resolved in favor of the petitioner." *Lee v. Habib*, 424 F.2d 891, 905 (D.C. Cir. 1970).

In his motion to obtain transcripts at no cost to himself, plaintiff avers that his appeal raises substantial questions including "whether the court improperly resolved factual disputes regarding racial animus, First Amendment retaliation timelines, and the existence of a protected property interest in federal EANS funds."  Dkt. No. 190.  Based on the issues stated in plaintiff's notice of appeal, the Court finds his appeal raises substantial questions. Accordingly, the Court **GRANTS** plaintiff's motion.

**IT IS SO ORDERED**.

Dated: May 6, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

2